UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-40346 |
| | ) | Chapter 7 |
| RYAN EUGENE MEIER | ) | |
| SSN/ITIN xxx-xx-9709 | ) | |
| | ) | |
| and | ) | DECISION RE: OBJECTION |
| | ) | TO CLAIMED EXEMPTIONS |
| REBECCA ANN MEIER | ) | AND MOTION FOR TURNOVER |
| fka Rebecca Ann Rieken | ) | |
| SSN/ITIN xxx-xx-6414 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is Trustee Lee Ann Pierce's Objection to Claimed Exemptions and Motion for Turnover. This decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will sustain Trustee Pierce's objection and grant her motion for turnover.

I.

In lieu of an evidentiary hearing, the parties elected to submit this matter on the following stipulated facts (doc. 16):[1]

> On the date the petition was filed, [D]ebtors [Ryan Eugene Meier and Rebecca Ann Meier] had abandoned their marital home . . . in Dakota Dunes, South Dakota.
>
> [Debtor] Ryan [Meier] moved into an apartment [in] Dakota Dunes, South Dakota, with the two children from his first marriage.
>
> [Debtor] Rebecca [Meier] moved into a rented house [in] McCook Lake,

---

[1] The parties' numbering has been omitted.

South Dakota, with the child from her first marriage.

Debtors had no children born during the course of this marriage to each other, the second marriage for each Debtor.

A state court divorce action had been commenced in the First Judicial Circuit, State of South Dakota, Union County, seeking dissolution of Debtors' marriage.

Debtors have asserted that each debtor is the head of his family or her family, *i.e.*[,] each debtor and the child or children in the custody of each debtor from his or her previous marriage.

If Debtor Ryan Meier is entitled to claim $6,000.00 of personal property equity exempt under S.D.C.L. [§] 43-45-4, he owes . . . the bankruptcy estate $1,789.00 plus the pre-petition amount of his 2010 federal income tax refund [that] has not been claimed exempt. If Debtor Ryan Meier is entitled to claim $4,000.00 of personal property equity exempt under S.D.C.L. [§] 43-45-4, he owes . . . the bankruptcy estate $3,789.00 plus the pre-petition amount of his 2010 federal income tax refund [that] has not been claimed exempt.

If Debtor Rebecca Meier is entitled to claim $6,000.00 of personal property equity exempt under S.D.C.L. [§] 43-45-4, she owes . . . the bankruptcy estate $40.00 plus the pre-petition amount of her 2010 federal income tax refund [that] has not been claimed exempt. If Debtor Rebecca Meier is entitled to claim $4,000.00 of personal property equity exempt under S.D.C.L. [§] 43-45-4, she owes . . . the bankruptcy estate $1,054.00 plus the pre-petition amount of her 2010 federal income tax refund [that] has not been claimed exempt.[2]

The issue presented is whether Debtors may each claim $6,000.00 of personal property exempt under S.D.C.L. § 43-45-4.

---

[2] The parties also stipulated a $900.00 security deposit paid by Debtor Rebecca Meier's father is not property of the bankruptcy estate and attached a liquidation analysis that corrected technical errors in Debtors' calculation of the value of their household goods. In addition, Debtors reserved the right to amend their claim of exemptions in the event their actual 2010 federal income tax refunds are less than they projected.

II.

In addition to the property a debtor may claim absolutely exempt under South Dakota law, see, e.g., S.D.C.L. §§ 43-45-2 (miscellaneous property) and 43-45-3 (homestead), a debtor who is "the head of a family" may claim other personal property with an aggregate value of $6,000.00 exempt. S.D.C.L. § 43-45-4. A debtor who is not the head of a family may only claim other personal property with an aggregate value of $4,000.00 exempt. Id. Whether a debtor is the head of a family is determined by the debtor's status on the petition date. In re Jean D. Olson, Bankr. No. 05-40226, slip op. at 4 (Bankr. D.S.D. July 21, 2005) (citations therein).

III.

In most jointly-filed chapter 7 cases, one spouse is denominated the head of the family and is permitted to claim $6,000.00 exempt under § 43-45-4. The other spouse is then permitted to claim only $4,000.00 exempt under § 43-45-4. The difference in this case is *both* Debtors claim to be the head of a family, and *both* have claimed $6,000.00 exempt under § 43-45-4. Debtors argue following their separation, Debtor Ryan Meier and his two children from a prior marriage comprised one family, and Debtor Rebecca Meier and her child from a prior marriage comprised a second family. The Court disagrees.

Chapter 43-45 does not define or incorporate by reference another statute's definition of "family." In the absence of any statutory definition, the Court must give words in a statute their plain and ordinary meaning. See, e.g., *Hagemann ex rel.*

-3-

*Estate of Hagemann v. NJS Engineering, Inc.*, 632 N.W.2d 840, 843 (S.D. 2001); *Verry v. City of Belle Fourche*, 598 N.W.2d 544, 549 (S.D. 1999); *Juttelstad v. Juttelstad*, 587 N.W.2d 447, 450 (S.D. 1998). That plain and ordinary meaning may be found in *Black's Law Dictionary*. *See In re West River Elec. Ass'n., Inc.*, 675 N.W.2d 222, 228-29 (S.D. 2004); *Esling v. Krambeck*, 663 N.W.2d 671, 676 (S.D. 2003). *Black's* defines "family" as:

> 1. A group of persons connected by blood, by affinity, or by law, esp. within two or three generations. 2. A group consisting of parents and their children. 3. A group of persons who live together and have a shared commitment to a domestic relationship.

*Black's Law Dictionary* 679 (9th ed. 2009).

Under either of the first two definitions, on the petition date, Debtors and their children comprised a family. At first blush, the third definition appears to support Debtors' argument. On the petition date, Debtors no longer lived together, and they no longer had a shared commitment to a domestic relationship. However, that definition is too broad for the purposes of § 43-45-4, because it encompasses living arrangements that would be better described as a "household." *See Black's Law Dictionary* 808 ("1. A family living together. 2. A group of people who dwell under the same roof.").³

The South Dakota legislature has repeatedly drawn a distinction between a "family" and a "household." For example, "[a] petition [for a protective order] may

---

³ The first definition of "household" is especially noteworthy because it clearly contemplates the possibility a family might not live together.

be made by any *family or household member* against any other *family or household member*." S.D.C.L. § 25-10-3(1) (emphasis added). Similarly, the South Dakota statute governing payments on an account that has been assigned to a third party "is subject to law other than this article which establishes a different rule for an account debtor who is an individual and who incurred the obligation primarily for *personal, family, or household purposes*." S.D.C.L. § 57A-9-406(h) (emphasis added). This Court has consistently drawn the same distinction in interpreting § 43-45-4. *See In re Patricia A. Bucaro*, Bankr. No. 05-10326, bench ruling (Bankr. D.S.D. Apr. 9, 2007); *In re Roger M. Wilsey*, Bankr. No. 07-50230, bench ruling (Bankr. D.S.D. Dec. 13, 2007).

Following Debtors' separation, Debtor Ryan Meier and his two children from a prior marriage comprised one household. Debtor Rebecca Meier and her child from a prior marriage comprised a second household. Had the South Dakota legislature chosen to allow the head of a *household* to claim the $6,000.00 exemption under § 43-45-4, Debtors would each have been entitled to claim that amount exempt under that statute. However, it did not.

Because Debtors were still married on the petition date, Debtors and their children still comprised a single family, within the plain and ordinary meaning of that word. Debtors may therefore claim a total of $10,000.00 exempt under § 43-45-4. *In re Davis*, 228 B.R. 242, 244 (Bankr. D.S.D. 1999) ("Joint debtors (a husband and wife) may declare a total of $10,000.00 exempt under § 43-45-4.") (citation therein).

According to Debtors' schedule I, Debtor Rebecca Meier's monthly income was greater than Debtor Ryan Meier's monthly income. She is therefore the head of the family and may claim $6,000.00 exempt under § 43-45-4. *See In re Aisley B. Ferguson*, Bankr. No. 05-42224, slip op. at 2 (Bankr. D.S.D. Apr. 7, 2006) (citations therein). Debtor Ryan Meier may claim only $4,000.00 exempt under that statute. *See id.*

The Court will enter an appropriate order.

Dated: October 27, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.**

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota